Burns Grain Company, Plaintiff, *v.* Erie Railroad Company, Defendant.

(Supreme Court, Erie Special Term, December, 1917.)

Carriers — duties of — notice to shippers — tardy delivery — negligence — actions — damages — pleading — demurrer to complaint · when sustained.

Where a common carrier has knowledge of traffic conditions reasonably likely to delay delivery it is bound to at least notify the shipper of possible delay before accepting goods for carriage.

Where in a shipper's action against a common carrier for damages for an alleged tardy delivery of goods the defendant, which without comment accepted the goods for transportation, pleads as a separate defense that any delay was not due to its negligence but solely to congestion of freight and traffic and that although it had all necessary facilities on hand for ordinary traffic it was physically impossible to care for the enormous and unusual volume of freight tendered to it at all the times mentioned in the complaint, but there is no allegation of notice to the shipper of possible delay in delivery, a demurrer to said defense on the ground that it is insufficient in law will be sustained.

Demurrer to defense.

Charles K. Robinson, for plaintiff.

Moot, Sprague, Brownell & Marcy (James C. Sweeney, of counsel), for defendant.

Taylor, J.   In this action the plaintiff demands damages from the defendant, a common carrier, on account of claimed tardy delivery of merchandise. The defendant has answered and to the third separate defense set up in the amended answer the plaintiff demurs on the ground that the said defense is insufficient in law.   In considering this defense I have

examined some of the authorities but will mention only two, namely, the *Geismer Case*, 102 N. Y. 563, and the *Blackstock Case*, 20 id. 48. As distinguished from both these typical cases, the failure to deliver in the usual time in the case now before me is claimed in the answer to be due neither to mob violence, or the like, on the one hand, nor to mere failure of employees of the carrier corporation to do their duty; but the claim is in the main that "at all times mentioned in the complaint the volume of freight traffic over the defendant's lines (and over many other railroad lines) was extraordinarily large and that although this defendant had all necessary facilities on hand for ordinary traffic it was physically impossible to care for the enormous and unusual volume of freight tendered to it at all the times mentioned in the complaint." The further allegation is made that any delay was not due to negligence in the carrier, but solely to the aforesaid congestion of freight and traffic. So, the question arises whether under this answer a condition is made to appear whereunder a railroad was entitled to take freight for carriage knowing that business conditions were such that delivery could not be made within the usual time — and this without notifying the shipper of such situation. It may be that had the carrier accepted these goods for transportation under normal conditions, and that thereafter and prior to the commencement of the carrying abnormal conditions such as are pleaded arose, delay in delivery might have been excusable. But in the case at bar, under the conditions made manifest by the portion of the answer in question, the defendant, when it accepted the goods, knew of such conditions reasonably likely to delay delivery and knowing such conditions accepted the goods for transportation without comment. I believe that under such circumstances a shipper is

not bound to be apprised of unusual conditions affecting railroad traffic; and that such conditions being peculiarly — and here admittedly — within the knowledge of the carrier the latter was bound to at least notify the shipper of possible delay before accepting the goods for carriage. Hence, there being no allegation in the answer that any such notice was given to plaintiff the demurrer is sustained, with costs to plaintiff.

Demurrer sustained, with costs.